# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>DAVID WAITE,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-CR-290<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant David Waite's Motion For Jury Instruction Or, As Alternatives, to Dismiss the Indictment or Declare Statute Unconstitutional.[1] The court has carefully considered the pleadings, memoranda, and other materials submitted by the parties and the law and facts relating to this motion. The court concludes that hearing or oral argument would not materially assist the court in rendering a decision. Now being fully advised, the court renders the following Memorandum Decision and Order.

## I. BACKGROUND

On May 13, 2009, a grand jury indicted David Waite, charging him with violation of 16 U.S.C. §470ee (the Archeological Resources Protection Act or "ARPA"), 18 U.S.C. §2314 (Interstate Transportation of Stolen Property), and 18 U.S.C. §641 (Theft of Government

---

[1] Motion for Jury Instruction or, as Alternatives, to Dismiss the Indictment or Declare Statute Unconstitutional, docket no. 32, filed May 28, 2010.

Property).² Trial is currently scheduled for March 28, 2011.³

## II. DISCUSSION

Mr. Waite argues that the first count of the indictment fails to properly allege a violation of ARPA because it does not allege that he knew that the archeological resources in question were protected by ARPA.⁴ Mr. Waite further argues that, if this court holds that an ARPA conviction does not require this knowledge, the ARPA statute is unconstitutional pursuant to *Morrissette v. United States*.⁵ Finally, Mr. Waite contends that he is entitled to a jury instruction requiring the United States to prove beyond a reasonable doubt that he knew the archeological resources were protected by ARPA.⁶ Mr. Waite's objections apply only to the first count of the indictment and do not address the second and third counts. For the reasons below, the court denies Mr. Waite's motion.⁷

### A. The Sufficiency of the Indictment

Mr. Waite argues that the United States did not present evidence to the grand jury that would suggest that Mr. Waite knew the archeological resources were protected by ARPA.⁸ Mr.

---

² Sealed Indictment, Docket No. 2, filed May 13, 2009. The Indictment was unsealed on June 8, 2009. *See* Docket No. 6.

³ Order to Continue, Docket No. 41, filed Feb. 7, 2011.

⁴ Memorandum in Support of Motion for Jury Instruction or, as Alternatives, to Dismiss the Indictment or Declare Statute Unconstitutional ("Support Memorandum"), Docket No. 33, filed May 28, 2010.

⁵ *Id.* at 10. *See Morrissette v. United States*, 342 U.S. 246 (1952).

⁶ Support Memorandum at 1-2.

⁷ These arguments have previously been rejected in the District of Utah. *See U.S. v. Sommerville*, Case No. 2:09CR289 DS, Docket No. 49 (D. Utah).

⁸ Support Memorandum at 9.

Waite contends that in the absence of an explicit statement that Waite knew of the protected status of the archeological resources, the indictment is insufficient. For the following two reasons, the court disagrees.

First, Mr. Waite presents no authority that suggests such a broad reading of ARPA's mens rea requirement. Mr. Waite argues that the court in *United States v. Quarrell*[9] held that knowledge of an artifact's protected status under ARPA is required to sustain a conviction.[10] This is incorrect. The *Quarrell* court held that ARPA has a mens rea requirement, but it did not hold that the government must prove that the defendant knew the materials were protected by ARPA.[11] Rather, *Quarrell* held only that the defendant must know that the materials he possesses are archeological resources.[12] Because knowledge that the artifacts are protected under ARPA is not required to sustain a conviction, the indictment need not allege that Waite had this knowledge.

Second, an indictment is sufficient to survive a motion to dismiss when it places the defendant on notice of the conduct charged.[13] This is particularly so where an indictment cites a statute which adequately recites the elements of the offense in question.[14] The indictment here adequately informs Mr. Waite of the behavior upon which the grand jury based its charge and unambiguously cites ARPA as the basis for that charge. Therefore, the indictment is sufficient to

---

[9] *U.S. v. Quarrell*, 310 F.3d 664 (10th Cir. 2002).

[10] Support Memorandum at 6.

[11] *Quarrell*, 310 F.3d at 673.

[12] *Id.*

[13] *U.S. v. Dashney*, 117 F.3d 1197, 1205-06 (10th Cir. 1997).

[14] *U.S. v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995).

charge Mr. Waite with an ARPA violation.

## B. The Constitutionality of ARPA

Mr. Waite argues that if an ARPA conviction does not require defendants to know that artifacts are protected under ARPA, the statute is unconstitutional because it imposes strict liability on otherwise innocent conduct.[15] He contends that *Morrissette v. United States*[16] requires a mens rea component in order to protect innocent citizens from unwarranted prosecutions.[17] This argument is misguided.

*Morrissette* does not require a mens rea component for every element of the crime accused, and Mr. Waite cites no authority related to ARPA or any other statute suggesting this conclusion. Indeed, the Tenth Circuit rejected this notion in the ARPA context in *Quarrell*, holding that mens rea was not necessary as to the "public lands" element of an ARPA violation.[18] In *Quarrell*, the Tenth Circuit explained that some mens rea requirement is clearly necessary to protect innocent visitors who stumble upon items that turn out to be protected under ARPA.[19] However, the concerns of the *Morrissette* court and of the Tenth Circuit are satisfied by the requirement that the government prove that an offender knew that materials were archeological resources.[20] Adopting Mr. Waite's reasoning and declaring ARPA unconstitutional would be tantamount to rejecting the Tenth Circuit's position in *Quarrell*, which this court will not do.

---

[15] Support Memorandum at 10.

[16] *Morrissette*, 342 U.S. at 274-75.

[17] Support Memorandum at 10-11.

[18] *Quarrell*, 310 F.3d at 673.

[19] *Id.*

[20] *Id.*

### C. Mr. Waite's Request for a Jury Instruction Requiring Knowledge That Artifacts Were Covered By ARPA

As discussed above, the government need not prove that Mr. Waite possessed specific knowledge that his artifacts were covered by ARPA in order to sustain a conviction. Because jury instructions must be a correct statement of law,[21] Mr. Waite's request for such an instruction is denied. However, the United States has agreed that some instruction concerning Mr. Waite's knowledge, consistent with the discussion above, is appropriate.[22] The precise wording of this instruction will be determined at trial.

### III. CONCLUSION

For the foregoing reasons, Mr. Waite's Motion For Jury Instruction or, as Alternatives, to Dismiss the Indictment or Declare Statute Unconstitutional [Docket Nos. 29 & 32] are DENIED.

DATED this 24th day of February, 2011.

_____
DALE A. KIMBALL
United States District Judge

---

[21] *U.S. v. Pack*, 773 F.2d 261, 267 (10th Cir. 1985).

[22] Response to Defendant's Motion for Jury Instruction or, as Alternatives, to Dismiss the Indictment or Declare Statute Unconstitutional at 3, Docket No. 35, filed June 18, 2010.